IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DONNA JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:10-cv-202-MEF |
| ) | |
| FRED HAMIC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

On March 30, 2011, the Court granted Sheriff Greg Ward's ("Ward") motion to dismiss the claims against him with prejudice, based in part on the finding that Ward was entitled to qualified immunity. Plaintiff Donna Jones ("Jones") moves this Court to reconsider its prior decision to grant Ward qualified immunity. For the following reasons, Jones's Motion for Reconsideration is due to be DENIED. (Doc. # 52).

**I. LEGAL STANDARD**

The District Court has substantial discretion in ruling on a motion for reconsideration. *Groover v. Michelin N. Am., Inc.*, 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000). Reconsideration of a previous order is an "extraordinary remedy to be employed sparingly." *Id.* Courts have recognized only three grounds for reconsideration: 1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to correct clear error or manifest injustice. *Id.* Merely expressing disagreement with the Court's opinion is not enough to justify relief. *Pres. Endangered Areas of Cobb's*

*History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995) (A motion for reconsideration is not "an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time.").

## II. FACTUAL AND PROCEDURAL BACKGROUND

Jones filed this lawsuit against several defendants alleging that Geneva County wrongfully terminated her from her post as County Administrator. She also alleged that Ward falsely accused her of criminal misconduct relating to errors on her time sheets. The Geneva County District Attorney's office prosecuted her for using her position for personal gain, and the County fired her. Jones contends that Ward did not have probable cause to arrest her. Jones's complaint states that:

> The Department of Examiners' audit concluded that because of the lack of internal control systems in the Geneva County payroll system, Jones had been overpaid $288.16 because of errors on her time sheets and had been overpaid $712.62 for errors in Jones' monthly vacation and sick leave; the errors amounting to $712.62 were made by someone other than Jones after Jones' termination and indictment.

Jones brought three claims against Ward pursuant to § 1983, claiming that he had maliciously prosecuted her, violated her First Amendment rights to political patronage, and committed an abuse of process in violation of the Fourth and Fourteenth Amendments. Ward moved to dismiss those claims, arguing that he was entitled to both Eleventh Amendment immunity for the claims brought against him in his official capacity and qualified immunity for the claims brought against him in his individual capacity. This Court agreed and granted his motion to dismiss on March 30, 2011. (Doc. # 44).

Jones now requests that the Court reconsider its decision, contending that the Court improperly made findings of fact on a motion to dismiss.

## V. DISCUSSION

As Jones does not present any intervening change in the law or newly discovered facts, she must be seeking relief based on a need to correct clear error or manifest injustice. The Court finds no such injustice, and accordingly Jones's Motion is due to be DENIED.

### *A. Ward was entitled to qualified immunity*

Jones first argues that Ward was not entitled to qualified immunity because he violated clearly established law by arresting her without probable cause. She argues that when the Court determined otherwise, it was making inappropriate findings of fact. However, Jones's complaint clearly states that her time sheets contained errors. Ward had possession of these times sheets. While Jones may not have been the party responsible for the errors on her time sheets, Ward had arguable probable cause to suspect that Jones was responsible. Accordingly, Ward was entitled to qualified immunity, as Jones failed to demonstrate a lack of probable cause and ensuing violation of clearly established federal law.

Jones concedes that her factual allegations were confusing and now tries to supplement and clarify them. She now contends that Ward had no knowledge of any time sheet errors before accusing Jones of criminal misconduct and that his conduct was based

3

solely on his inadequate knowledge of overtime calculations.  However, this Court's adjudication of Ward's motion to dismiss was rendered upon the facts contained in the complaint, and Jones's dissatisfaction with her own factual allegations certainly does not rise to the level of injustice that a motion for reconsideration was meant to correct.

### B. *Jones's 'mislabeled' claim for defamation*

Jones claims that, while she does not contest this Court's dismissal of her defamation claim against Ward, that claim was 'mislabeled' and should have been brought as a deprivation of liberty claim.  However, Jones also brought a claim for deprivation of liberty and property rights without due process of law against the Geneva County Commission, the Geneva County Personnel Board, Judge Hamic, Hazel Odom, and Ray Minishew.  She did not bring the claim against Ward.  Again, Jones may be dissatisfied with her own complaint after reading this Court's opinion on the defendants' motions to dismiss.  However, that dissatisfaction does not rise to the level of injustice.

### IV.  CONCLUSION

Accordingly, it is hereby ORDERED that Jones's Motion for Reconsideration is DENIED.  Additionally, to reflect the fact that Ward is no longer a party to this action, it is further ORDERED that any further filings to this Court should use the amended caption found on this memorandum opinion and order.

Done this the 18th day of May, 2011.

                                                       /s/ Mark E. Fuller
                                               UNITED STATES DISTRICT JUDGE